10-1396 (L)
Li v. Holder

BIA
Schoppert, IJ
A088 372 099

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand fourteen.

PRESENT:
        DENNIS JACOBS,
        ROSEMARY S. POOLER,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

WENLEI LI,
        *Petitioner*,

        v.                                    10-1396(L);
                                              11-2890(Con)
ERIC H. HOLDER, JR., UNITED STATES           NAC
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Thomas V. Massucci, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Carl H. McIntyre, Jr.,
                       Assistant Director; Dawn S. Conrad,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil

**Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of two decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioner Wenlei Li, a native and citizen of the People's Republic of China, seeks review of a March 17, 2010, order of the BIA affirming the April 30, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, pretermitting his asylum application as untimely and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"), and of a June 24, 2011, order of the BIA denying his motion to reopen. *In re Wenlei Li*, No. A088 372 099 (B.I.A. Mar. 17, 2010), *aff'g* No. A088 372 099 (Immig. Ct. N.Y. City Apr. 30, 2008); *In re Wenlei Li*, No. A088 372 099 (B.I.A. June 24, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I.  Original Proceedings

"When the BIA agrees with an IJ's ultimate credibility determination but emphasizes particular aspects of the IJ's reasoning, the Court reviews both the BIA's and the IJ's

2

opinions, including those portions of the IJ's decision that the BIA did not explicitly discuss." *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As Li does not challenge the agency's denial of asylum based on his claim of past persecution or the agency's denial of withholding of removal or CAT relief, we review only his challenge to the denial of asylum based on his political activities in the United States. *See Yeuqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (considering issues not sufficiently briefed on appeal to be waived). Absent a presumption of past persecution, Li was required to demonstrate that he subjectively fears persecution and that this fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Li does not contend that there is a pattern or practice of persecution against Chinese Democracy Party ("CDP") members, and argues only that he established that he would be individually targeted for persecution based on his CDP activities in the United States. The BIA reasonably found

3

that Li failed to sufficiently demonstrate a possibility of future persecution, based on his lack of credibility and his failure to establish that the Chinese authorities were aware or likely to become aware of his political activities in the United States.

Substantial evidence supports the agency's conclusion that Li was not credible to the extent he claimed that Chinese officials were aware of his CDP activities in the United States and were seeking to punish him for those activities. The IJ found, although Li testified that his wife had been visited by Chinese authorities both at home and at her place of work, her employer had threatened to dismiss her, and the authorities had threatened to harm her because of his CDP activities, the letter from Li's wife indicated only that the authorities had visited their home looking for Li. Because the agency was entitled to rely on any discrepancy to find Li not credible, the omissions in Li's wife's letter support the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 n.3 (2d Cir. 2008) (noting that inconsistencies and omissions are "functionally equivalent"). Contrary to Li's position, no

4

reasonable fact-finder would be compelled to credit his explanation that his wife omitted details because she was afraid that the police would read the letter, as she included details of the authorities' visits to their home. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The adverse credibility determination is further supported by the IJ's finding related to Li's demeanor, to which we give particular deference. The IJ relied on Li's lack of responsiveness as reflected in the hearing transcripts. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be [ ] more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."). Accordingly, considering the totality of the circumstances—the omissions and the lack of responsiveness—the agency's credibility determination, with regard to Li's claim that Chinese authorities were aware of his CDP activities, is supported by substantial evidence.

5

Furthermore, the BIA reasonably found that Li failed to establish that Chinese authorities were likely to become aware of his CDP activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). As the BIA found, Li has not alleged that Chinese authorities have identified him at the demonstrations or that his name on articles he has published on the Internet would enable the authorities to identify him. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best"). Thus, given the lack of credible testimony combined with the lack of objective evidence of the Chinese authorities' awareness of his activities, Li fails to establish that the agency erred in concluding that he did not meet his burden in demonstrating eligibility for asylum.

## II. Motion to Reopen

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the

6

substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Here, the BIA did not abuse its discretion by denying Li's motion to reopen as untimely because it was filed nearly eight months after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).

Li argues that his evidence in support of his motion to reopen—a letter from his wife stating that she was questioned by the Chinese authorities about Li's membership in the CDP and a summons from the authorities—demonstrated changed county conditions, excusing his motion from the time limits on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, because the agency reasonably found that Li's previous testimony, that the authorities were aware of his CDP membership, was not credible, the BIA did not err by declining to credit his new unauthenticated evidence repeating that same claim. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.  The pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk